CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/9/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

KENNETH EARL RUDOLPH,

                *Plaintiff*,

v.

LYNCHBURG CITY POLICE OFFICER
KIMBERLY J. BROWN,

                *Defendant.*

CASE NO. 6:25-CV-00031

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

Plaintiff Kenneth Rudolph ("Rudolph"), proceeding *pro se*, filed this civil-rights action asserting claims against Lynchburg City Police Officer, Kimberly J. Brown ("Brown"). Dkt. 1. Brown moves to dismiss, arguing that Rudolph fails to allege how she violated any of his constitutional rights or was otherwise negligent. *See* Dkt. 9. Despite being sent a Roseboro Notice, Rudolph has not responded to the motion. Dkt. 10. Having considered the motion and the allegations in his Complaint, Brown's motion to dismiss will be granted.

**I.    Background**

Rudolph claims that around 3:00 a.m. on April 10, 2025, he and his son were traveling down Otey Street in Lynchburg Virginia when a police vehicle, operated by Brown, began following them. Dkt. 1 ¶ 6. Shortly thereafter, Brown initiated a stop. *Id.* ¶ 7. Brown approached Rudolph's window and asked for his identification. *Id.* ¶¶ 7, 8. He handed her his passport. *Id.* She then asked for his driver's license, to which he responded, "I am … a Private Traveler." *Id.* ¶ 9.

1

Undeterred, Brown again asked for Rudolph's driver's license along with his vehicle's registration and proof of insurance. *Id.* ¶ 12. He again responded, "I am a private, and I have a right to travel without any interference due to not breaking any law committing any crime or destroying property." *Id.* ¶ 13. He did, however, provide Brown with (i) his "travel book," (ii) the "Virginia Law for Oath, Affirmations and Bonds information," (iii) the officers' "oath of office," and (iv) "Certified Mail numbers where Right to Travel notices and Affidavits [had been] sent by Postal mail." *Id.* ¶ 19-25. Rudolph does not allege that Brown lacked a reasonable articulable suspicion to support the stop.

Sometime during this exchange, four additional officers arrived on scene and Rudolph and his son were asked to exit their vehicle. *Id.* ¶¶ 10, 11. Rudolph alleges that (i) three unnamed officers searched his vehicle without his consent; (ii) his body was searched without his consent; (iii) he was arrested because his "automobile VIN number [was] covered [which is] a felony in the state of Virginia"; (iv) he was placed in the back of Brown's police vehicle where he sat for over an hour; and (v) he was transported to the Lynchburg jail where a magistrate served him with warrants for both felony and misdemeanor charges. *Id.* ¶¶ 29-40. He never identifies the additional officers that participated in the searches and arrest, nor does he allege whether Brown participated in the allegedly unlawful searches or whether she initiated his arrest.

After being served with the warrants, Rudolph was released on a "$2,500.00 unsecured Bond." *Id.* ¶ 41. However, he alleges that before being released, Brown informed him that "she was keeping in her possession [his] VA Identification card, [his] Tribal Identification card, and [his] Tribal International Driver's License." *Id.* ¶ 42. He also alleges he was "taken to the booking area where personal forensic photographs and fingerprints were taken without [his] consent." *Id.* ¶ 43.

Later that same day, after returning home, three unnamed Lynchburg Police officers knocked on Rudolph's apartment door. *Id.* ¶ 46. He answered and, for a second time, was arrested. *Id.* ¶¶ 46-48. He alleges he was not told why he was under arrest, nor was he provided with an arrest warrant. *Id.* ¶¶ 48, 49. Instead, he was "searched, arrested, kidnaped and taken to the Lynchburg Police Department without [his] consent." *Id.* ¶ 51. At the police station, he alleges unidentified individuals "searched" and "photograph[ed]" him without his consent and he was served with two additional misdemeanor charges, relating to possessing fictitious ID cards, before being released on bond. *Id.* ¶¶ 53-58. He does not allege that Brown was involved with his second arrest.

Rudolph filed this case solely against Brown, alleging she: (i) violated his right to travel without interference when there is no emergency; (ii) violated of his right to privacy; (iii) violated his right to be free from unlawful traffic stops; (iv) violated his right to be free from unreasonable searches, seizures, and arrests; (v) violated his right to travel without deprivation of his rights under the color of law; (vi) conspired with other officers to violate his civil rights; (vii) failed "to act within [her] capacity o[r] properly train"; (viii) acted negligently; (ix) intentionally inflicted emotional distress; and (x) maliciously prosecuted him. Dkt. 1 at 1, 7-9.

II.     **Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in the complaint and does not resolve contests surrounding the facts, the merits, or the applicability of defenses. *See, e.g., ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019); *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). In ruling on a motion to dismiss, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *King*, 825 F.3d at 212. In resolving a motion to dismiss against a *pro se*

party, the Court must liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Discussion

To state a claim under § 1983, a plaintiff must allege both (i) "the violation of a right secured by the Constitution and laws of the United States" and (ii) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). As such, liability under § 1983 is "personal, based upon each defendant's own constitutional violations," *Trulock v. Freeh*, 275 F.3d. 391, 402 (4th Cir. 2001), and a plaintiff must allege "concise factual detail about each defendant's personal involvement." *Reid v. Petit*, 2025 WL 2618776, *3 (W.D. Va. Sep. 10, 2025); *see also Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights").

Here, the only specific factual allegations raised against Brown are that (i) she pulled Rudolph over; (ii) she twice asked for his identification; (iii) he was placed in the back of her police vehicle for over an hour; and (iv) after he was released on bond, she would not return to him his "VA Identification card, [his] Tribal Identification card, and [his] Tribal International Driver's License." Dkt. 1 ¶¶ 7, 12, 36, 37, 42. Rudolph's Complaint, however, fails to allege how these specific actions led to the deprivation of his constitutional rights, were negligent, or were otherwise done with the intent to inflict emotional distress.[1] His threadbare allegation that Brown "should have known that her actions violated [his] rights" does nothing to show *how* his rights

---

[1] He also alleges that he "filed a complaint with the Lynchburg Police Department online" but does not allege whether that complaint was filed against Brown or whether the charges resolved in his favor. Accordingly, he has not stated a claim for malicious prosecution.

4

were violated or *what* rights were violated. Dkt. 1 ¶ 62. Although he identifies conduct that he claims was unconstitutional—*e.g.*, the search of his vehicle and person and his initial and second arrests—he fails to allege that Brown participated in the searches or affected the arrests. Allegations of wrongdoing leveled against multiple "officers" are insufficient for the Court to draw a reasonable inference that Brown, through her own independent actions, violated Rudolph's constitutional rights. Accordingly, his Complaint fails to state a claim against her.

Moreover, even if the Court were to assume Brown was responsible for searching Rudolph's vehicle and arresting him, Rudolph fails to allege sufficient facts to show that the warrantless searches and arrests were unlawful and therefore violated his constitutional rights. He admits that the last four digits of his vehicle identification number (VIN) were concealed, which is a violation of Virginia Code § 46.2-1074, and a felony. Dkt. 1 ¶ 31. This alone could have justified his arrest. Simply put, conclusory allegations that the searches and arrests were performed "without his consent" are not enough to establish their unconstitutionality. To state a § 1983 claim (or any other claim) against Brown or any other officer, Rudolph would need to plead facts demonstrating the unconstitutionality of the stop, the searches, or the arrests. Because those facts do not appear in his current pleading, it must be dismissed.

### IV.    Conclusion

For the foregoing reasons, Rudolph's Complaint will be dismissed without prejudice.

A separate Order will follow.

Entered this 9th day of February, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE